UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

David West,
    Plaintiff

    v.                                       Civil No.05-cv-389-SM
                                              Opinion No. 2006 DNH 080
Secretary of the U.S. Treasury,
    Defendant

## **O R D E R**

David West has sued the Secretary of the Treasury, under the Administrative Procedure Act ("APA") and the Revenue Restructuring Act of 1998. He seeks various forms of injunctive relief for alleged abuses of discretion committed by the Internal Revenue Service ("IRS") in rejecting his offer in compromise relating to an income tax deficiency. Before the court is the government's motion to dismiss. West objects. For the reasons given, the motion to dismiss is granted.

In 1999, West suffered losses in the stock market. Under the tax code, he was unable to "match" those losses against corresponding gains during the same time period, leaving him with an income tax liability for that year in excess of $90,000. In 2003, the IRS made an assessment against West and later began the process of levying against his bank account. Subsequently, West

made an offer in compromise to the Secretary of the Treasury, pursuant to 26 U.S.C. § 7122.  His offer was based upon the following regulation:

> If there are no grounds for compromise under paragraphs (b)(1) [doubt as to liability], (2) [doubt as to collectibility], or (3)(I) of this section [economic hardship], the IRS may compromise to promote effective tax administration where compelling public policy or equity considerations identified by the taxpayer provide a sufficient basis for compromising the liability.  Compromise will be justified only where, due to exceptional circumstances, collection of the full liability would undermine public confidence that the tax laws are being administered in a fair and equitable manner.  A taxpayer proposing compromise under this paragraph (b)(3)(ii) will be expected to demonstrate circumstances that justify compromise even though a similarly situated taxpayer may have paid his liability in full.

26 C.F.R. § 301.7122-1(b)(3)(ii) (emphasis added).  West argued that his tax liability was inequitable because it resulted from an "arbitrary administrative technicality" that worked "essentially the same [way] as a tax loophole, except that the unfair benefit operate[d] in reverse" and "not in the best interests of anybody."  In other words, West conceded liability under the tax code, but argued that he was entitled to consideration because of the "inequity" of tax code provisions that operated to his disadvantage.  West's offer in compromise

was rejected in the first instance, and on appeal.  He requested an administrative hearing but was not granted one.

After West's appeal was rejected, the IRS filed a Notice of Federal Tax Lien.  West then requested a Collection Due Process ("CDP") hearing, which has yet to be held.

West also filed this action, asserting jurisdiction under both the Administrative Procedure Act[1] and the Revenue Restructuring Act of 1988.  He asks the court to order the IRS to: (1) accept his offer in compromise; (2) waive payment of the amount he offered, $8974, in consideration of the expenses he incurred in fighting the IRS's denial of his right to due process; (3) remove the lien on his home; (4) provide a letter, addressed "to whom it may concern," stating that the lien against his home and the levy against him was the result of an administrative mistake; and (5) suspend any and all collection activities until this action is settled.

---

[1] The APA is not a proper basis for jurisdiction in this case.  See Am. Ass'n of Commodity Traders v. Dep't of Treasury, 598 F.2d 1233, 1235 (1st Cir. 1979) (citing Califano v. Sanders, 430 U.S. 99, 107 (1977)).

The United States moves to dismiss on grounds that West's suit is barred by 26 U.S.C. § 7421, the Anti-Injunction Act. That statute provides:

> Except as provided in sections 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(I), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436 [none of which is applicable here], no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

26 U.S.C. § 7421(a). Moreover, "[t]he prohibition against restraint on the assessment and collection of taxes 'is applicable not only to the assessment or collection itself, but . . . to activities which are intended to or may culminate in the assessment or collection of taxes.'" Colangelo v. United States, 575 F.2d 994, 996 (1st Cir. 1978) (quoting United States v. Dema, 544 F.2d 1373, 1376 (7th Cir. 1976)) (holding that "[t]he prohibition of § 7421(a) is broad enough to proscribe judicial interference with federal tax liens absent exceptional circumstances"). In addition, "[t]he Anti-Injunction Act is in the nature of a jurisdictional bar." Ross v. United States, 861 F. Supp. 406, 407 (E.D.N.C. 1994) (citing Enochs v. Williams Packing & Navigation Co., 370 U.S. 1 (1962); Bennett v. United States Director of Internal Revenue, 469 F.2d 584 (4th Cir.

1972); Johnson v. Wall, 329 F.2d 149 (4th Cir. 1964)); see also McCarthy v. Marshall, 723 F.2d 1034, 1037 (1st Cir. 1983) ("The jurisdictional boundaries in tax cases are drawn by the Anti-Injunction Act . . ."). However,

> [a] judicially-created exception to this clear statutory bar to injunctive relief in tax cases was announced in Enochs v. Williams Packing & Navigation Co., 370 U.S. 1 (1962).  Under that exception, "if it is clear that under no circumstances could the Government ultimately prevail, . . . *and* . . . if equity jurisdiction otherwise exists," id. at 7, then the bar of section 7421(a) is inapplicable.

Lane v. United States, 727 F.2d 18, 20 (1st Cir. 1984) (emphasis added, parallel citations omitted).

Here, all the relief West seeks falls within the scope of the Anti-Injunction Act.  See Colangelo, 575 F.2d at 996 (citation omitted).  Thus, the only question is whether the facts of this case, as alleged by West, bring his claims within the exception described in Enochs.  They do not.

West does not meet the first prong of the Enochs test; it is hardly clear that there are no circumstances under which the government could prevail in West's action against it.  Rather, the opposite conclusion would appear to be correct; it is

difficult to conceive of any circumstances under which West could prevail against the government.

The statute governing offers in compromise provides that "[t]he Secretary <u>may</u> compromise any civil or criminal case arising under the internal revenue laws . . ." 26 U.S.C. § 7122(a) (emphasis added). The Code of Federal Regulations further explains: "If the Secretary determines that there are grounds for compromise under this section, the Secretary may, <u>at the Secretary's discretion</u>, compromise any civil or criminal liability arising under the internal revenue laws . . ." 26 C.F.R. § 301.7122-1(a)(1) (emphasis added). Given the permissive language of the statute, "[t]he decision to accept or reject a compromise offer is discretionary and cannot be compelled by any action." <u>Addington v. United States</u>, 75 F. Supp. 2d 520, 524 (S.D. W. Va. 1999) (citing <u>Carroll v. IRS</u>, 14 AFTR2d 5564 (E.D.N.Y. 1964)). As the court of appeals for this circuit has explained, "the handling and processing of an offer in compromise not submitted in conjunction with a CDP [collection due process] hearing is not subject to judicial review at all." <u>Olsen v. United States</u>, 414 F.3d 144, 156 (1st Cir. 2005). Because West's offer in compromise was not submitted in conjunction with a CDP hearing, it is not subject to judicial review, and because West

is not entitled to judicial review, he does not qualify for the Enochs exception to the Anti-Injunction Act.  Because West cannot meet the first part of the Enochs test, there is no need to consider the second part.  Several matters raised in plaintiff's complaint warrant some comment.  West relies heavily on the concepts of "abuse of discretion" and "due process," but under the circumstances and applicable law, his reliance on those concepts is misplaced.  At least one court has held that "[a]llegations of irreparable injury and abuse of discretion are simply not enough to negate the anti-injunction provisions of 26 U.S.C. § 7421(a)."  P.K. Family Rest. v. IRS, 535 F. Supp. 1223, 1224 (N.D. Ohio 1982).  Moreover, because 26 U.S.C. § 7122 "only provides that the Secretary [of the Treasury] may consider an offer [in compromise]" but "does not afford taxpayers the right to have their offers considered," it is not at all clear – and in fact it is highly unlikely – that the Secretary is constrained by the principles of due process in considering offers in compromise.  See Christopher Cross, Inc. v. United States, 363 F. Supp. 2d 855, 858 (E.D. La. 2004).  Thus, West appears to be mistaken in his belief that he was entitled to a hearing on his offer in compromise, a form of process that is contemplated in neither the relevant statute nor its implementing regulations. Because there is no constitutional, statutory, or regulatory

requirement that the IRS grant hearings to taxpayers extending offers in compromise, the IRS did not act unlawfully in denying West the hearing he requested.

For the reasons given, West's action is barred by the Anti-Injunction Act. Accordingly, his complaint is dismissed for lack of subject matter jurisdiction.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

July 11, 2006

cc: David West, <u>pro se</u>
    Thomas P. Cole, Esq.